ARLT, Appellant, v. LANGLEY, et al, Respondents.

(236 N. W. 363.)

(File No. 7102.   Opinion filed April 21, 1931.)

*H. F. Fellows,* of Rapid City, for Appellant.
*George E. Flavin,* of Rapid City, for. Respondents.

CAMPBELL, J.   Plaintiff Arlt was the owner of real property at Rapid City, S. D., upon which was located a building containing certain machinery and equipment used in the business of operating a creamery and ice cream manufactory.   Defendants held a real estate mortgage covering said premises, which they foreclosed.   A controversy arose concerning certain machinery and equipment installed in the building upon the premises.   Plaintiff maintained that said machinery and equipment was personal property and that defendants' real estate mortgage constituted no lien thereon.   Defendants maintained that said items of machinery and

equipment were so annexed to the realty as to constitute fixtures and appurtenances whereby such items were embraced within the lien of the real estate mortgage, and defendants had acquired title thereto by the foreclosure of said mortgage.

After this controversy had developed, an opportunity offered to sell the premises in question, together with the building thereon and the machinery and equipment therein contained. Both plaintiff and defendants were desirous of making the sale. They seem mutually to have believed the sale a satisfactory and advantageous one, and that it would be preferable to consummate the sale, including machinery and equipment in dispute, and transfer to the cash proceeds of said machinery and equipment the controversy existing between them as to title, rather than to permit said controversy to defeat the sale. Plaintiff and defendants therefore joined in transferring the title of said machinery and equipment to the proposing purchaser and deposited the proceeds thereof in the sum of $12,000 in the Pennington County Bank at Rapid City, upon 4 per cent interest, compounded quarterly, to abide the determination of the controversy between them. Their agreement in this regard was reduced to writing, and the material portion thereof is as follows:

"That whereas, the parties hereto each claim to be the owner of that certain property located in the building situate upon the Lots Twenty-four (24), Twenty-five (25), Twenty-six (26) and Twenty-seven (27), in Block Seventy-six (76) of the original townsite of the City of Rapid City, South Dakota, which said property is more particularly described upon the list and statement marked Exhibit 'A' hereto attached and made a part of this agreement; and

"Whereas, the parties desire to sell the said property to the Fairmont Creamery Company and have executed to the said Creamery Company a joint bill of sale covering and conveying said property to said Creamery Company;

"Now, Therefore, in consideration of the premises, the parties hereto do hereby agree that of the consideration to be paid upon the sale of said property the sum of Twelve Thousand Dollars ($12,000.00) shall be deposited in the Pennington County Bank of Rapid City, South Dakota, there to remain until the title and ownership of said property is and shall be determined as between the parties hereto, and that upon such determination each of the

parties hereto shall receive from the said money so deposited the value of such personal property as set forth in said Exhibit 'A' hereto attached."

The property having been sold and the proceeds deposited as aforesaid, plaintiff inaugurated a proceeding for the adjudication of the controversy between the parties by commencing an action in circuit court against the defendants, which proceeding was in the form of an action in claim and delivery. Plaintiff described the personal property in question (which had in fact been sold by joint act of plaintiff and defendants and the proceeds deposited as aforesaid), and alleged that he was the owner of said personalty; that defendants wrongfully retained possession thereof after due demand and refused to deliver the same to plaintiff; and the prayer was for possession of the property or for the value thereof if possession could not be given.

Defendants answered and set up a counterclaim. They alleged, among other things, the controversy between plaintiff and defendants as to the title to said property, the agreement to sell the property and transfer the controversy to the proceeds thereof, the sale of the property pursuant to said agreement by joint act of plaintiff and defendants, the deposit of the proceeds thereof pursuant to contract in the Pennington County Bank; that defendants were the owners of said property and entitled to the possession thereof at the time of said sale; and prayed that defendants be decreed to be the owners and entitled to the possession of said fund of $12,000 on deposit in the Pennington County Bank as the proceeds of said property, and that it be adjudged that plaintiff had no interest therein.

The matter came on for trial, and the decision of the court below was in favor of the plaintiff upon all the issues. The judgment in favor of the plaintiff recited that the purpose of the action was to determine the title, ownership, and right of possession to the property hereinbefore described; recited the agreement of the parties for the sale of the property and the deposit of the proceeds thereof in the Pennington County Bank to abide the determination of the rights of the parties, and set forth in full the written agreement by virtue of which such sale and deposit was made, and the adjudication was as follows:

"It is ordered, adjudged and decreed that said plaintiff Wil-

liam G. Arlt, was on the said 13th day of March, 1926, the owner and entitled to the immediate possession of each and all of the items of property hereinbefore described; and that said plaintiff is the owner and entitled to the immediate possession of the said sum of twelve thousand dollars ($12,000), the stipulated value in the aggregate of all the said items of property and deposited as aforesaid in the Pennington County Bank at Rapid City, South Dakota, and is entitled to immediately have and receive the same together with any interest which had accrued upon said deposit in said Bank.

"It is further ordered, adjudged and decreed that the plaintiff have and recover of and against said defendants, and each of them, his costs and disbursements herein to be taxed in favor of said plaintiff by the Clerk of Courts, according to law, and inserted in the entry of this judgment amounting to ——— dollars."

After the entry of said judgment defendants moved for a new trial in the court below, which motion was denied, and the latter part of June, 1927, defendants applied to the court to fix a supersedeas bond, which was done, and the bond furnished accordingly, and an appeal was perfected to this court. The matter was heard in this court in due course, and the decision of the court below was affirmed. Arlt v. Langley, 56 S. D. 79, 227 N. W. 469.

The remittitur went down from this court and was filed in the court below, and the next day one of the attorneys for defendants accompanied one of the attorneys for plaintiff to the Pennington County Bank, at his request, and joined in informing said bank that the controversy between the parties with reference to said sum of money on deposit had been determined and that plaintiff was entitled to the possession thereof, whereupon the bank paid to the plaintiff the $12,000 previously deposited by the agreement of the parties hereinbefore referred to, together with approximately $1,900, being interest thereon at 4 per cent, compounded quarterly from the date of deposit. This was the first demand made by either party upon the other or upon the bank for the surrender of the fund.

Thereafter plaintiff, purporting to act under section 3166, Rev. Code 1919, made a motion in the court below to have the amount of his damages under the supersedeas bond ascertained. A reference was waived and the matter submitted to the learned

trial judge, who made and entered his order holding that plaintiff was "not entitled to any further interest on the said judgment or any damages for further interest or otherwise," from which order plaintiff has appealed to this court.

It is the contention of appellant that he is entitled to recover from respondents interest on the $12,000 at the statutory rate of 7 per cent from July, 1926, the date of the original judgment in appellant's favor in the circuit court, less the interest at 4 per cent which the deposit earned while in the bank and which appellant has already received.

Appellant invokes section 2615, Rev. Code 1919, reading as follows: "When the judgment is for the recovery of money, interest from the time of the verdict or decision until judgment be finally entered must be added to the judgment of the party entitled thereto." Plainly that section has no application to this case. The judgment in favor of appellant was not a money judgment in the sense referred to in that section and did not order the respondents to pay any money to appellant.

The judgment was that appellant was the owner of and entitled to the immediate possession of the $12,000 on deposit in the Pennington County Bank. Respondents did not have the money and could not pay it to appellant, nor were they ordered to do so, and the Pennington County Bank, the depositary, was not a party to the action and was not ordered to pay any money. The entire proceeding as originally instituted in the circuit court was in its nature and essence a proceeding to determine title to and rights in a res, the res being a fund of $12,000 on deposit in the Pennington County Bank. Appellant was determined to be the owner of such res and entitled to the possession thereof, and he has received it, together with 4 per cent interest thereon, compounded quarterly, paid to him by the depositary.

If appellant could be entitled to any relief in this proceeding, it is plain that it could not be upon any theory that he was entitled to recover interest upon a money judgment, for he never had a money judgment. The measure of his damage, if any, would have to be determined upon the theory that he was deprived of the use of the res in question during the pendency of the appeal. We think the parties, by their conduct in this case, have precluded any recovery upon this theory. Neither party had the use of the

fund during the litigation. By joint agreement the fund, pending the litigation, was placed in a mutually satisfactory depositary upon terms such that it would earn four per cent interest, compounded quarterly. The sum total of that earning has been paid to appellant. When the parties agreed that the property, concerning which they were in dispute, should be sold and the proceeds thereof deposited in the Pennington County Bank upon interest at 4 per cent, compounded quarterly, until the title and ownership of the property "is and shall be determined," we think they must be held to have intended that the money should remain in the bank until the final determination of the rights of the parties, whereupon such deposit and the earnings thereof should be disposed of accordingly. The rights of the parties were not finally determined until the remittitur went down from this court. Prior to that time neither party had possession of the fund or any opportunity to make it earn anything more than the 4 per cent interest, compounded quarterly, which the bank was paying. Promptly upon final determination appellant, by the co-operation of respondents, received from the depositary the fund in question, together with all the earnings thereof. Appellant never had any money judgment against respondents, excepting a judgment for costs which has been fully paid and satisfied together with interest. Appellant's own agreement fully justified the learned trial court in its refusal to award appellant any further damages from respondents.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.